IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES | ) | |
| --- | --- | --- |
| | ) | CR 8-127 |
| v. | ) | CV 18-898 |
| | ) | |
| JAMIE LUIZ LIGHTFOOT | | |

**OPINION AND ORDER**

**SYNOPSIS**

In this action, on November 18, 2008, Defendant pleaded guilty to one count of violating 21 U.S.C. § 841.[1] On February 17, 2009, he was sentenced to a term of 168 months imprisonment. His sentence rested, in part, in career offender status under the United States Sentencing Guidelines. In 2016, Defendant filed a pro se Motion to Vacate his sentence pursuant to 28 U.S.C. § 2255 (the "2016 Motion"). That Motion raised a challenge to his career offender status under Mathis v. United States, __ U.S. __, 136 S. Ct. 2243, 195 L. Ed. 2d 604 (2016). After entering an appearance on Defendant's behalf, counsel sought and was granted the opportunity to amend the Motion, and then sought and received a stay. On December 21, 2017, Defendant filed a counseled Notice of Voluntary Dismissal of his Section 2255 Motion, pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i).

Before the Court is Defendant's pro se Motion under 28 U.S.C. § 2241, filed on July 9, 2018, which appears on the docket as having been made pursuant to 28 U.S.C. § 2255. The Motion has been considered according to the liberal standards applicable to pro se submissions. For the following reasons, Defendant's Motion will be dismissed, and no certificate of appealability shall issue.

---

[1] This matter was transferred to my docket from Judge Diamond's on February 22, 2017.

1

**OPINION**

**I.  Section 2241**

Defendant's Motion challenges his career offender status based on Descamps v. United States, 570 U.S. 254, 133 S. Ct. 2276, 186 L. Ed. 2d 438 (2013), and Mathis. Challenges to career offender status, including those based on Descamps and Mathis, are properly brought under Section 2255, rather than Section 2241. Tarrats v. Spaulding, No. 17-0432, 2017 U.S. Dist. LEXIS 113251, at *10 (M.D. Pa. July 19, 2017). One is entitled to seek Section 2241 relief if Section 2255's remedy is "inadequate or ineffective to test the legality of his detention." See 28 U.S.C. § 2255(e). "[A] § 2255 motion is inadequate or ineffective 'only if it can be shown that some limitation of scope or procedure would prevent a section 2255 proceeding from affording the prisoner a full hearing and adjudication of his claim of wrongful detention.'" Muller v. Sauers, 523 F. App'x 110, 111 (3d Cir. 2013) (quoting United States v. Brooks, 230 F.3d 643, 648 (3d Cir. 2000)). The expiration of applicable time limitations, and the waiver of collateral attack rights, do not render Section 2255 inadequate or ineffective. See, e.g., id. at 112; McKenney v. Williamson, No. 07-0594, 2008 U.S. Dist. LEXIS 9946, at *3 (M.D. Pa. Feb. 11, 2008). "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." Cradle v. United States, 290 F.3d 536, 538 (3d Cir. 2002).

Defendant seeks savings clause protection based on a claim of actual innocence relating to his sentencing enhancement. Similar arguments have been rejected within this Circuit. See, e.g., Johnson v. Ortiz, No. 17-2776, 2017 U.S. Dist. LEXIS 107398, at **5-6 (D.N.J. July 10, 2017) (collecting cases). "If a petitioner improperly challenges a federal conviction or sentence under § 2241, the petition must be dismissed for lack of jurisdiction." Wilson v. Baltazar, No. 18-315, 2018 U.S. Dist. LEXIS 67428, at *5 (M.D. Pa. Apr. 23, 2018). In addition, I note that

2

✓ Defendant's plea agreement contains a waiver of collateral attack rights; he does not now assert that the waiver is inapplicable, invalid or unenforceable.[2] "Because a challenge brought under section 2241 is within the 'conventional understanding of 'collateral attack'", a waiver might bar such a challenge. Kirk v. United States, No. 12-0632, 2012 U.S. Dist. LEXIS 164222, at *12 (W.D. Pa. Nov. 16, 2012). For all of these reasons, Defendant's Section 2241 Motion is subject to dismissal.

## II.     Section 2255

Defendant raises challenges properly addressed via Section 2255, and the Clerk of Courts docketed the Motion as arising under that Section. In an abundance of caution, and in light of Defendant's pro se status, I briefly address his claims through that lens. A prisoner in federal custody may move to vacate his sentence under 28 U.S.C. § 2255 if such "sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a).[3] Any attempt to raise Defendant's challenges via Section 2255 would face insurmountable barriers.

In addition to the preclusive affect of his collateral attack waiver, a Section 2255 Motion would be untimely. A voluntary dismissal under Rule 41 does not excuse compliance with the one-year limitation set forth in Section 2255(f). See United States v. Ollie, No. 12-09, 2017 U.S. Dist. LEXIS 198029, at *6 (W.D. Pa. Dec. 1, 2017). The present Motion was filed well outside of that limitations period. Moreover, the fact that Defendant's Motion is based on Descamps and Mathis does not alter the situation. Descamps was decided in 2013, years prior to both Defendant's 2016 Motion and the present Motion, and courts within this Circuit have determined

---

[2] In a plea letter signed by Defendant and his counsel, Defendant agreed to "waive[] the right to file a motion to vacate sentence, under 28 U.S.C.§ 2255, attacking his conviction or sentence, and the right to file any other collateral proceeding attacking his conviction or sentence."

[3] A district court need not hold an evidentiary hearing on a Section 2255 motion if the motion, files, and records show conclusively that the defendant is not entitled to relief. United States v. Ritter, 93 F. App'x 402, 404 (3d Cir. 2004). To the extent that I am required to consider the necessity of a hearing in this case, I conclude that none is required.

3

that Mathis does not restart the applicable time period. See, e.g., United States v. Stallings, No. 12-37, 2018 U.S. Dist. LEXIS 145730, at *5 (M.D. Pa. Aug. 28, 2018); United States v. Stevens, No. 08-377, 2017 U.S. Dist. LEXIS 192256, at *4 (W.D. Pa. Nov. 21, 2017). Finally, I note that Defendant's 2016 Motion also implicates the bar on second or successive habeas petitions, which would erect yet another hurdle to Section 2255 relief. 28 U.S.C. § 2255(h). In sum, Defendant cannot pursue his present claims under Section 2255.

## CONCLUSION

In conclusion, Defendant's Motion must be dismissed, whether considered under Section 2241 as filed, or under other potentially applicable vehicles. Further, to the extent that I am required to consider a certificate of appealability, Defendant has not made a substantial showing of the denial of a constitutional right as contemplated by 28 U.S.C. § 2253. An appropriate Order follows.

BY THE COURT:

*Donetta F. Ambrose*

Donetta W. Ambrose

Senior Judge, U.S. District Court

Dated: October 26th, 2018

4

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES | ) |
|---|---|
| | ) CR 8-127 |
| v. | ) CV 18-898 |
| | ) |
| JAMIE LUIZ LIGHTFOOT | |

## ORDER

AND NOW, this 26th day of October, 2018, it is hereby ORDERED, ADJUDGED, and DECREED that Defendant's Motion [63] is dismissed. No certificate of appealability shall issue.

BY THE COURT:

*/s/ Donetta W. Ambrose*

Donetta W. Ambrose

Senior Judge, U.S. District Court